UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW

_____

CHRISTOPHER CAMPANELLA,

                               Plaintiff,

v.                                                                                1:10-CV-0683
                                                                                (GTS/DRH)

BAC HOME LOANS SERVICE, LP,

                               Defendant.

_____

APPEARANCES:

CHRISTOPHER CAMPANELLA
  Plaintiff, *Pro Se*
309 Phillips Road
Valley Falls, NY 12185

HON. GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

       Currently before the Court, in this *pro se* action filed by Christopher Campanella ("Plaintiff") against BAC Home Loans Service, LP ("Defendant") arising out of a real property foreclosure dispute, is Plaintiff's motion for a preliminary injunction precluding Defendant from foreclosing on Plaintiff's real property. (Dkt. No. 2.) For the reasons set forth below, Plaintiff's motion is denied.

**I.    RELEVANT BACKGROUND**

       Generally, in his Complaint, Plaintiff asserts against Defendant claims of breach of fiduciary duty, negligence, fraud, intentional infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, and violation of the Truth in Lending Act, arising out of Defendant's conduct in allegedly (1) colluding with others to induce him to enter into a predatory contract, on June 5, 2008, for the refinancing of his primary residence, in Valley Falls, New York, (2) failing to give proper notices to him, (3) charging him false loan settlement fees, and (4) instituting frivolous

collection procedures against him.  (*See generally* Dkt. No. 1.)  For a more complete recitation of Plaintiff's claims, and the factual allegations supporting them, the reader is referred to Plaintiff's Complaint in its entirety.  (*Id*.)

## II.     GOVERNING LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," and . . ., accordingly, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66-67 (2d Cir. 2007).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'"  *Perri v. Bloomberg*, 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 113-14 [2d Cir. 2003]).[1]  Additionally, irreparable harm "must be shown to be actual and imminent, not remote or speculative."  *Kamerling,*

---

[1]     *See also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.") (internal quotation omitted).

295 F.3d at 214.

## III.   ANALYSIS

Based on the papers currently before the Court, Plaintiff's request for injunctive relief is too speculative to meet the irreparable harm requirement. On June 11, 2010 (the date on which he signed and filed both his Complaint and his motion papers), Plaintiff anachronistically asserted that the scheduled date of the allegedly imminent sale was "Wednesday, June 9, 2010"–two days *before* the filing of the Complaint and motion papers. (Dkt. No. 2, Attach. 2, at 2 [Plf.'s Affid.].) No other "imminent" sale date was given in either his Complaint or motion papers. (Dkt. Nos. 1, 2.)

One possible explanation for this temporal impossibility is that Plaintiff made an error in his haste to file three separate actions on June 11, 2010 (the other two pending before United States District Judge Lawrence E. Kahn of this Court, and relating to another lending institution's foreclosure of two other real properties owned by Plaintiff). This explanation is plausible given that the scheduled sale date asserted in those other two actions was also Wednesday, June 9, 2010–an unexplained coincidence that strains credulity.[2]

The problem is that, even if the Court were to assume that Plaintiff meant to assert that the sale was to occur at some point in the following month, he has failed to submit sufficient *proof or evidence* to persuade the Court of that fact.[3] Of course, conclusory allegations of imminent harm, standing

---

[2]   *See Campanella v. Aurora Loan Servicing*, 10-CV-0684, Motion for Preliminary Injunction, at 2 (N.D.N.Y. filed June 11, 2010); *Campanella v. Aurora Loan Servicing*, 10-CV-0685, Motion for Preliminary Injunction, at 2 (N.D.N.Y. filed June 11, 2010).

[3]   For example, the Court's review of the status of the state court foreclosure action to which Plaintiff refers in his motion papers–Index No. 230205/2010 in Rensselaer County Supreme Court–indicates that Plaintiff's motion for summary judgment is pending in that case, and three settlement conferences have occurred in that case, the last one on June 18, 2010. *See BAC Home Loans Servicing, L.P. v. Campanella*, Index. No. 230205/2010, Docket Sheet (N.Y. Sup. Ct., Rensselaer County), http://iapps.courts.state.ny.us/webcivil/FCASSearch [last visited July 8, 2010].

alone, are not sufficient to entitle a movant to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Finally, even if Plaintiff had submitted sufficient proof or evidence to persuade the Court of the imminent nature of the sale, the Court would deny Plaintiff's motion because Defendant has not yet answered Plaintiff's Complaint, and the Court cannot ascertain Plaintiff's likelihood of success on the merits of the claim (or whether sufficiently serious questions exist going to those merits, along with a balance of hardships tipping decidedly in favor of Plaintiff).

For each of the alternative reasons set forth above, Plaintiff's motion for a preliminary injunction is denied without prejudice

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **DENIED without prejudice**.

Dated: July 13, 2010
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge