UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER CAMPANELLA,

                    Plaintiff,

v.                                                      1:10-CV-0683
                                                      (GTS/DRH)
BAC HOME LOANS SERVICE, LP,

                    Defendant.
_____

APPEARANCES:

CHRISTOPHER CAMPANELLA
  Plaintiff, *Pro Se*
309 Phillips Road
Valley Falls, NY 12185

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* action filed by Christopher Campanella ("Plaintiff") against BAC Home Loan Services, LP ("Defendant") arising out of a real property foreclosure dispute, is Plaintiff's motion for default judgment. (Dkt. No. 12.) For the reasons set forth below, Plaintiff's motion for default judgment is denied without prejudice; and his Complaint is *sua sponte* dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), unless, within thirty (30) days of the date of this Decision and Order, he files an Amended Complaint that cures the pleading defects identified below in this Decision and Order.

I.      **RELEVANT BACKGROUND**

    A.      **Plaintiff's Complaint**

Liberally construed, Plaintiff's Complaint alleges that Defendant violated his rights under various state and federal laws, when, during the execution of a consumer contract for the refinance of Plaintiff's property on June 5, 2008, Defendant (1) charged false fees, (2) did not make a good-faith estimate, (3) neglected to include signed and dated closing documents, and (4) conspired to harm Plaintiff for its own benefit. (*See generally* Dkt. No. 1 [Plf.'s Compl.].) Based on these (and other) factual allegations, Plaintiff's Complaint asserts the following seven causes of action: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*; (6) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (7) intentional infliction of emotional distress. (Dkt. No. 1 at 20-23.) For a more complete statement of Plaintiff's claims and the factual allegations supporting them, reference is made to his Complaint in its entirety.[1]

    B.      **Plaintiff's Service of Complaint and Defendant's Failure to Answer**

On June 18, 2010, Plaintiff properly served its Complaint on Defendant. (Dkt. No. 6.) As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

---

[1] The Court notes that, although not relevant to his causes of action, Plaintiff's Complaint also contains general allegations about the housing market, its history, and deceptive acts performed by various lenders. (*Id.*) However, because these allegations are conclusory and unrelated to the harm Plaintiff allegedly suffered as a result of his execution of an agreement with Defendant, the Court declines to further discuss these allegations in this Decision and Order.

### C.     Clerk's Office's Entry of Default and Defendant's Non-Appearance

On July 12, 2010, Plaintiff filed a request for entry of default against each Defendant. (Dkt. No. 8.)  On that same day, the Clerk of the Court entered default against Defendant pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 9.)  As of the date of this Decision and Order, Defendant has not appeared and attempted to cure that entry of default.  (*See generally* Docket Sheet.)

### D.     Plaintiff's Motion for Default Judgment and Defendant's Non-Response

On November 11, 2010, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 12.)  Defendant's response to the motion was due on November 29, 2010.  (Docket Entry dated 11/09/2010.)  As of the date of this Decision and Order, Defendant has filed no response to that motion.  (*See generally* Docket Sheet.)

Generally, in his motion, Plaintiff requests that the Court issue default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b), based on Defendant's failure to appear, answer, or otherwise move with respect to the pleadings.  (*See generally* Dkt. No. 12.)

## II.     GOVERNING LEGAL STANDARD

### A.     *Sua Sponte* Review of Plaintiff's Complaint

Because Plaintiff is proceeding in this action *in forma pauperis* (*see* Text Order filed June 14, 2010), the Court finds it appropriate to review the sufficiency of the allegations that he has set forth in his complaint in light of 28 U.S.C. § 1915(e)(2)(B).  This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Legal Standard Governing Dismissal for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

4

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

5

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se*

plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[2]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[3]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[4]

With this standard in mind, the Court will review Plaintiff's Complaint.

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   Plaintiff's Claim of Breach of Fiduciary Duty

In his First Cause of Action, Plaintiff alleges that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Plaintiff a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the Trust Property." (Dkt. No. 1 at 20.)  Plaintiff further alleges that Defendants breached their duties by failing to comply with "all applicable laws governing the loan transactions in which they were involved . . . ." (*Id.*)

---

[2]   *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[3]   *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[4]   It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

As an initial matter, although Plaintiff pluralizes the word "Defendant," Plaintiff has named only BAC Home Loans Service, LP, as a Defendant in this action. Moreover, Plaintiff has failed to allege facts plausibly suggesting (1) that Defendant is Plaintiff's fiduciary, or (2) what conduct Defendant committed that may constitute a breach of fiduciary duty.

Furthermore, New York State courts have consistently held that "an arm's length borrower-lender relationship is not of a confidential or fiduciary nature. . . ." *River Glen Assoc.s, Ltd. v. Merrill Lynch Credit Corp.*, 295 A.D.2d 274, 275 (N.Y. App. Div. 2002); *see also Mass Op LLC v. Principal Life Ins. Co.*, 29 Misc.3d 1211(A), 2010 WL 4056072, at *5 (N.Y.Sup. Sept. 30, 2010) (noting that, only in "relatively rare circumstances" will a fiduciary relationship be found to exist "between a lender and a borrower . . . [such] as when the Court conclude[s] that the underlying motivation for a lender was to drive the borrower out of business") (citing *In re Monahan Ford Corp. of Flushing*, 340 B.R. 1 [Bankr. E.D.N.Y. 2006]).

For these reasons, Plaintiff's claim of breach of fiduciary duty is conditionally dismissed.

### B.     Plaintiff's Claim of Negligence/Negligence Per Se

In his Second Cause of Action, Plaintiff's alleges that "Defendants owed a general duty of care with respect to Petitioners, particularly concerning their duty to properly perform due diligence as to the loans and related transactional issues described hereinabove." (Dkt. No. 1 at 20.) Plaintiff also alleges that "Defendants" owed a duty of care under various federal statutes to make proper disclosures, refrain from marketing unaffordable loans, and to avoid paying undue compensation to mortgage agents and loan officers. (*Id.*) Plaintiff alleges that Defendant breached these duties by not performing due diligence with regard to the loan transaction executed between the parties, and by not complying with the applicable laws governing the loan transactions.

Again, Plaintiff has named only BAC Home Loans Service, LP, as a Defendant in this action. Moreover, Plaintiff has failed to allege facts plausibly suggesting that, under the circumstances, Defendant owed him a duty of care.

Furthermore, even assuming that Plaintiff has alleged facts plausibly suggesting that, under the circumstances, Defendant owed him a duty, under New York State law, "[t]o state a cause of action in negligence, a party must allege [not only] the existence of a duty of care owed to the injured party, [but also] a breach of that duty, and an injury proximately caused by that breach." *Kraut v. City of New York*, 925 N.Y.S.2d 624, 626 (N.Y. App. Div. 2d Dept, 2011).

Here, Plaintiff has failed to allege any facts plausibly suggesting that Defendant breached any duty owed to Plaintiff. In fact, Plaintiff has failed to allege facts plausibly suggesting that Defendant played any role in the disclosures, marketing, or fees that seem to form the basis for his claim.

For these reasons, Plaintiff's claim of negligence/negligence per se is conditionally dismissed.

**C.     Plaintiff's Claim of Common Law Fraud**

Plaintiff's Third Cause of Action is labeled "Agent: Common Law Fraud." (Dkt. No. 1 at 21.) In support of this claim, Plaintiff alleges that "Petitioner is informed and believes that Agent et al, facilitated, aided and abetted various Agents in their negligent misrepresentation, and that various Agents were negligent in not implementing procedures such as underwriting standards oversight that would have prevented various Agents from facilitating the irresponsible and wrongful misrepresentations of various Agents to Defendants." (*Id.*)

9

As an initial matter, Plaintiff's claim is based entirely on misrepresentations made by an unidentified "Agent," and the Complaint contains no allegations plausibly suggesting that Defendant ever acted as an agent to Plaintiff.

Moreover, Plaintiff's allegations do not meet the heightened pleading requirement imposed on claims for fraud. Under Fed. R. Civ. P. 9, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In this case, Plaintiff does not identify the "Agent" who allegedly made the misrepresentations, describe the content of the alleged misrepresentations, or provide any information as to the time, place, or context in which the alleged misrepresentations were made. (*See generally* Dkt. No. 1.) Instead, Plaintiff merely alleges, that "Agent acted in concert along with others named herein in promulgating false representations to cause Petitioners to enter into the LOAN without knowledge or understanding of the terms thereof." (Dkt. No. 1 at 21.) These conclusory allegations do not satisfy the heightened pleading standard for a fraud claim, and, in fact, fail even the liberal pleading standard set forth in Fed. R. Civ. P. 8(a), as discussed above. *See, e.g., Vann v. Aurora Loan Servs. LLC*, 10-CV-4736, 2011 WL 2181861, at *4-5 (N.D. Cal. June 3, 2011) (dismissing *pro se* plaintiff's fraud claim based on identical allegations).

For these reasons, Plaintiff's claim of common law fraud is conditionally dismissed.

    **D.**    **Plaintiff's Claim of Breach of the Implied Covenant of Good Faith and Fair Dealing**

In his Fourth Cause of Action, Plaintiff alleges that "Defendants" breached the implied covenant of good faith and fair dealing by failing to make certain disclosures, follow proper underwriting standards, perform valid assignments, and respond to requests for documentation of loan servicing. (Dkt. No. 1 at 22.)

"For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." *Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 514 (N.Y. App. Div. 2d Dept, 1999) (citing, *inter alia*, *Dvoskin v. Prinz*, 205 A.D.2d 661, 662 [N.Y. App. Div. 2d Dept, 1994]).

Here, Plaintiff has not alleged facts plausibly suggesting the existence of any contract between himself and Defendant. In fact, Plaintiff's Complaint plausibly suggests the opposite. (Dkt. No. 1 at 6 [". . .even if Lender were to prove up a contract to which Lender had standing to enforce against Petitioner. . ."].)

Moreover, even assuming that the parties entered into an agreement, Plaintiff has failed to allege that Defendant engaged in any conduct that would plausibly suggest the frustration of the purposes of the express terms of that contract.

For these reasons, Plaintiff's claim for breach of the duty of good faith and fair dealing is conditionally dismissed.

**E.     Plaintiff's Claims Under TILA and RESPA**

In his Fifth and Sixth Causes of Action, Plaintiff alleges violations of TILA and RESPA based on "Defendants" alleged failure to provide him with certain disclosure documents prior to, during, and/or after the execution of "the credit transaction." (Dkt. No. 1, at 13-15, 20, 23.)

TILA requires, among other things, disclosure of finance charges and the annual percentage rate. *See* 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18. Lenders must provide borrowers with clear and accurate disclosures, including two copies of a notice of a right to rescission. *See* 15 U.S.C. § 1635; 12 C.F.R. § 226.23(b). Generally, the disclosures and notices required by

TILA must be provided before consummation of the loan transaction.  *See* 15 U.S.C. § 1638(b); 12 C.F.R. § 226.17(b).

Similarly, "RESPA generally requires that lenders disburse escrow funds in an appropriate and timely manner and that they provide regular reporting of such disbursements." *Flagg v. Yonkers Sav. and Loan Ass'n, FA*, 396 F.3d 178, 184 (2d Cir. 2005).  RESPA applies to all mortgage loans that are "federally related." 12 U.S.C. § 2602.  However, unlike with a claim under TILA, it appears that RESPA does not provide a private right of action.  *See, e.g., Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994) ("The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603."); *Pressman v. Meridian Mortg. Co.*, 334 F. Supp.2d 1236, 1242 n. 4 (D.Haw.2004) ("Although there is no implied private civil remedy for violations of [RESPA], . . . TILA does provide for a private right of action when a mortgage lender fails to timely provide required disclosures." [internal citation and quotation marks omitted]); *Iannuzzi v. Washington Mut. Bank*, 07-CV-0964, 2008 WL 3978189, at *7 n.3 (E.D.N.Y. Aug. 21, 2008) (collecting cases).

The statute of limitations on TILA and RESPA claims for damages is one year.  *See* 15 U.S.C. § 1640(e); 12 U.S.C. § 2614 (establishing one-year statute of limitations for violations of § 2607).

As an initial matter, because Plaintiff entered into the subject loan on June 8, 2008, the one-year statute of limitation for a damages claim expired on April 8, 2009, i.e., more than one year before Plaintiff commenced this action.  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (TILA's one-year statute of limitations runs from the date of the consummation of the loan transaction); *Done v. HSBC Bank USA*, 09-CV-4878, 2010 WL 3824146, at *4 (E.D.N.Y. July

12

19, 2010) ("Violations of Section 2607 of RESPA are subject to a one-year statute of limitations from the date of the occurrence of the violation."). Therefore, unless Plaintiff has alleged facts plausibly suggesting entitlement to equitable tolling, Plaintiff's TILA claim and RESPA claim (to the extent they may be brought) are time-barred.

In his Complaint, Plaintiff alleges that the doctrine of equitable tolling applies to his TILA claim (and, liberally construed, his RESPA claim) because the Ninth Circuit has held that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period [for TILA damages claims] until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." (Dkt. No. 1, at 14-15.) However, even if the Second Circuit adopted the Ninth Circuit's interpretation of equitable tolling, Plaintiff alleges no facts that plausibly suggest that he lacked a reasonable opportunity to discover the alleged TILA and RESPA violations in the more than two years between the consummation of the loan and the initiation of this action. As a result, dismissal is appropriate. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp.2d 952, 964 (N.D. Cal. 2010) (noting that, when a plaintiff fails to allege any facts "demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence, dismissal is appropriate").

In any event, Plaintiff has failed to allege facts plausibly suggesting a claim under either TILA or RESPA. For example, although Plaintiff's Complaint makes vague reference to "Defendants" failure to make proper disclosures (*see* Dkt. No. 1 at 23), Plaintiff does not identify any information that Defendant failed to disclose or disclosed inaccurately. Moreover, TILA governs disclosures and notices provided at the time of loan origination. 15 U.S.C. § 1638(b); 12 C.F.R. § 226.17(b). However, it appears from the allegations in the Complaint that Defendant was not the lender, but rather the servicer of Plaintiff's loan. (*See generally* Dkt. No. 1.) As a

13

result, it is not reasonable to infer that Defendant was involved in any alleged TILA or RESPA violations.  *See In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (noting that, on a motion to dismiss, a court need not accept as true "unreasonable inferences"); *Vann*, 2011 WL 2181861, at *6.

For these reasons, Plaintiff's TILA and RESPA claims are conditionally dismissed.

### F.     Plaintiff's Claim of Intentional Infliction of Emotional Distress

In his Seventh Cause of Action, Plaintiff asserts a claim for intentional infliction of emotional distress ("IIED").  (Dkt. No. 1 at 23.)  In support of his IIED claim, Plaintiff alleges that "[t]he conduct committed by Defendants, driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants, was extreme and outrageous and not to be tolerated by civilized society."  (*Id.*).

Under New York State law, to state a claim for IIED, a plaintiff must allege as follows: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress."  *Andrews v. Bruk*, 220 A.D.2d 376, 376 (N.Y. App. Div. 2d Dept, 1995) (citing *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 [N.Y. 1993]).  "'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Andrews*, 220 A.D.2d at 376-377 (quoting *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303 [N.Y. 1983]).

As with many of Plaintiff's claims, he has not identified the alleged "Defendants," or specified the particular conduct allegedly committed by the named Defendant that gives rise to

this claim.  As a result, it is not possible to draw a plausible inference that Defendant's conduct was so extreme as to exceed the bounds usually tolerated in a civilized society.

Fore these reasons, Plaintiff's IIED claim is conditionally dismissed.

IV.   **ANALYSIS OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Although default has been entered against Defendant, it does not follow automatically that Plaintiff will be entitled to default judgment.  This is because "[d]efault judgment may be denied where the complaint fails to state a claim."  *U.S. ex rel. Ryan v. Staten Island Univ. Hosp.*, 04-CV-2483, 2011 WL 1841795, at *10 (E.D.N.Y. May 13, 2011) (collecting cases).

Here, because Plaintiff's Complaint fails to state a claim upon which relief may be granted, his motion for default judgment is denied without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Complaint (Dkt. No.  1) is *sua sponte* **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B), unless, within **THIRTY (30) DAYS** of the filing date of this Decision and Order, he files an Amended Complaint that cures the pleading defects identified in this Decision and Order; and it is further

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 12) is **DENIED without prejudice**.

Dated: August 30, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge