UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER CAMPANELLA,

                      Plaintiff,              1:10-CV-0683
                                                          (GTS/DRH)
v.

BAC HOME LOANS SERV., LP,

                      Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

CHRISTOPHER CAMPANELLA
  Plaintiff, *Pro Se*
309 Phillips Road
Valley Falls, NY 12185

BRYAN CAVE, LLP                             CHRISTINE B. CESARE, ESQ.
  Counsel for Defendant                    SUZANNE M. BERGER, ESQ.
1290 Avenue of the Americas
New York, NY 10104

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* action filed by Christopher Campanella ("Plaintiff") against BAC Home Loans Service, LP ("Defendant"), are the following two motions: (1) Defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and (2) Plaintiff's cross-motion for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (Dkt. No. 23, 24.) For the reasons set forth below, (1) Defendant's motion to dismiss is granted, (2) Plaintiff's cross-motion for leave to amend is denied, and (3) Plaintiff's Amended Complaint is dismissed with prejudice.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Claims**

Generally, liberally construed, Plaintiff's Amended Complaint alleges that Defendant violated his rights under the Fair Credit Reporting Act ("FCRA") by willfully and/or negligently (1) providing inaccurate information about Plaintiff to credit agencies and (2) obtaining Plaintiff's credit report without a permissible purpose. (*See generally* Dkt. No.15 [Plf.'s Am. Compl.].)[1] Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Memorandum-Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

   B.   **Defendant's Motion**

Generally, in support of its motion to dismiss, Defendant asserts the following two arguments: (1) either Plaintiff lacks standing to assert a claim for the reporting of inaccurate information under the FCRA or he has not alleged facts plausibly suggesting such a claim under the FCRA; and (2) based on Plaintiff's own factual allegations, Defendant obtained Plaintiff's credit report for a permissible purpose. (*See generally* Dkt. No. 23, Attach. 1 [Def's. Memo. of Law].)

---

   [1]   The Court notes that, although the second pleading that Plaintiff filed in this action is labeled as an "Amended Complaint," it is actually an Amended *and Supplemental* Complaint, given that it includes allegations arising from events that occurred in April 2011 and June 2011–more than a year after the date of his original Complaint. (*Compare* Dkt. No. 1 at 26 [dated June 11, 2010] with Dkt. No. 15, at ¶ 12 [alleging that "Defendant on 4/11, and 6/11, pulled Plaintiffs TransUnion credit reports without permissible purpose, during open litigation"].) However, for the sake of brevity, the Court will set this fact aside and simply refer to Plaintiff's second pleading as his "Amended Complaint."

Generally, in Plaintiff's response to Defendant's motion, he argues that, because he has the information needed to cure his factually insufficient pleading, he should be granted leave to file a Second Amended Complaint. (*See generally* Dkt. No. 24 [Plf.'s Opp'n Memo. of Law].)

Generally in its reply, Defendant argues that (1) Plaintiff admits that his Amended Complaint fails to state a claim, (2) Plaintiff should be denied leave to file a Second Amended Complaint, and (3) Plaintiff's Amended Complaint should be dismissed with prejudice. (*See generally* Dkt. No.25 [Def.'s Reply Memo. of Law].)

## II.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing Motions to Dismiss for Failure to State Claim

Because the parties to this action have previously been provided with an accurate understanding of the legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to Part II.B. of the Court's Memorandum-Decision and Order of August 30, 2011. (Dkt. No. 14.) The Court would add only a few words regarding what documents are considered when a dismissal for failure to state a claim is contemplated.

Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial

notice for the factual background of the case.[2]

### B. Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). For this reason, generally, challenges to a litigant's standing are properly raised on a motion for lack of subject-matter jurisdiction. *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88-89 & n.6 (2d Cir. 2006) ("Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), ... the proper procedural route is a motion under Rule 12(b)(1)."); *A.C. v. Mattingly*, 05-CV-2986, 2007 WL 894268 at *3 (S.D.N.Y. March 20, 2007)

---

[2]   *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.... Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint.... However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citations omitted).

("The argument of lack of standing is properly raised under Rule 12(b)(1).").

When resolving a motion to dismiss for lack of subject-matter jurisdiction, a district court may look to evidence outside of the pleadings. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113). Finally, the Court notes that it may *sua sponte* dismiss an action for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

      C.      **Legal Standard Governing a Motion to Amend a Complaint**

Motions for leave to amend a complaint are governed by Fed. R. Civ. P. 15, which states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Nevertheless, leave to amend a complaint is not automatic; and a court may deny a motion for leave to amend where there is an apparent or declared reason not to grant leave to amend, "such as [1] undue delay, bad faith or dilatory motive on the part of the movant, [2] repeated failure to cure deficiencies by amendments previously allowed, [3] undue prejudice to the opposing party by virtue of the allowance of the amendment, [4] futility of amendment, etc." *Foman*, 371 U.S. at 182; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir. 1979).

With regard to the second factor described above (i.e., repeated failure to cure deficiencies by amendments previously allowed), the Court notes that granting a *pro se* plaintiff

5

an opportunity to amend before dismissal of his action is not required where the plaintiff has already been afforded the opportunity to amend. *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009); *accord, Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[3]

---

[3] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Dyson v. N.Y. Health Care, Inc .*, 353 F. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice. . . . [T]he district court afforded Dyson three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of *pro se* plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 F. App'x 90 (2d Cir. 2003); *Payne v. Malemathew,* 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, nothwithstanding Plaintiff's pro se status, leave to amend yet again is denied."); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) ("While that failure to plead special damages with respect to the other alleged representations in theory might be cured by amendment, plaintiff already has amended once and has not sought leave to amend again. Accordingly, the fraud claims will be dismissed except to the limited extend indicated.").

Finally, in this District, a motion for leave to amend a pleading must (1) attach an unsigned copy of the proposed amended pleading, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means.  N.D.N.Y. L.R. 7.1(a)(4).

### D.     Legal Standards Governing Plaintiff's Claims

Because Defendant has demonstrated, in its memorandum of law, an accurate understanding of the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Memorandum-Decision and Order, but will direct the reader to Part II of Defendant's memorandum of law.  (*See generally* Dkt. No. 23, Attach. 1 [Def.'s Memo. of Law].)

## III.    ANALYSIS

### A.     Plaintiff's Claim that Defendant Violated His Rights Under the Fair Credit Reporting Act by Willfully and/or Negligently Providing Inaccurate Information to Credit Agencies

As indicated in Part I.B. of this Decision and Order, Plaintiff concedes that he failed to state a claim for the willful and/or negligent giving of inaccurate information to a credit agency. In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden.[4]  As a

---

[4]    *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n. 1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

result, Defendant must show only that its arguments possess facial merit in order for those arguments to succeed.

After carefully considering the matter, the Court finds that this claim should be dismissed for the reasons stated by Defendant in its memoranda of law. (Dkt. No. 23, Attach. 1 [Def's. Memo. of Law]; Dkt. No.25 [Def.'s Reply Memo. of Law].) The Court would add only four points.

First, there is no private right of action for violations of FCRA's duty to provide accurate information to a consumer reporting agency. *See* 15 U.S.C. § 1681s(a)(1), s-(2)(a). Rather, violations of that duty "shall be enforced ... by the Federal Trade Commission." *See id.*; *see also Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010) (noting that FCRA "'shall be enforced exclusively by government officials"); *Prakash v. Homecomings Fin.*, 05-CV-2895, 2006 WL 2570900, at *2 (E.D.N.Y. Sept. 5, 2006) (finding that standing to pursue claims was lacking under 15 U.S.C. § 1681s-2(a) of the FCRA Act because the plain, unambiguous language of the statute limits enforcement of this subsection to government agencies and officials).

Second, although there is a limited private remedy for consumers, that remedy is available only where the defendant is alleged to have received notification of a disputed debt from a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1), i(a)(2); *e.g.*, *Redhead v. Winston & Winston, P.C.*, 01-CV-11475, 2002 WL 31106934, at *5 (S.D.N.Y. Sept. 20, 2002) (holding that plaintiff must allege "that the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed"). Here, Plaintiff failed to allege facts plausibly suggesting that Defendant was notified of the dispute by a credit reporting agency. (Dkt. No. 15.)

Third, Defendant argues that, because Plaintiff lacks standing, his claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). However, as discussed above in Part II.B. of this Decision and Order, generally, challenges to a litigant's standing are properly raised by filing a motion for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) rather than for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As a result, the Court dismisses this claim pursuant to Fed. R. Civ. P. 12(b)(1), as well as pursuant to Fed. R. Civ. P. 12(b)(6).

Fourth, Defendant argues that, even if Plaintiff had standing to assert this claim, the claim should still be dismissed under Fed. R. Civ. P. 8(a) because it is conclusory and unsupported by sufficient factual allegations. (Dkt. No. 23, Attach. 1 [Def's. Memo. of Law].) This Court agrees. For example, Plaintiff has failed to allege facts plausibly suggesting (1) what, if any, false information Defendant actually provided to credit reporting agencies, and (2) that, even if Defendant did provide false information, it did so willfully. (Dkt. No. 23, Attach. 1 [Def.'s Memo. of Law].)

> **B.** **Plaintiff's Claim that Defendant Violated His Rights Under the Fair Credit Reporting Act by Willfully and/or Negligently Obtaining Plaintiff's Credit Report Without a Permissible Purpose**

As indicated in Part I.B. of this Decision and Order, Plaintiff concedes that he failed to state a claim for the willful and/or negligent obtaining of his credit report without a permissible purpose. As a result, as indicated in Part III.A., Defendant must show only that its argument possesses facial merit in order for it to succeed.

After carefully considering the matter, the Court finds that this claim should be dismissed for the reasons stated by Defendant in its memoranda of law. (Dkt. No. 23, Attach. 1 [Def's. Memo. of Law]; Dkt. No.25 [Def.'s Reply Memo. of Law].) The Court would add only the following analysis.

Defendant argues that, based on Plaintiff's own factual allegations, Defendant (as mortgagor of Plaintiff's property) is statutorily permitted to obtain Plaintiff's credit report. (Dkt. No. 23, Attach. 1 [Def.'s Memo. of Law].) This Court accepts Defendant's argument, and agrees that Defendant was statutorily permitted to obtain Plaintiff's credit report. *See* 15 U.S.C. § 1681b(a)(3)(A), (a)(3)(E), (a)(3)(F)(ii). Section 1861(b) of the FRCA sets forth an exclusive list of permissible purposes for which a consumer credit report may be obtained. *Weitz v. Wagner*, 07-CV-1106, 2009 WL 4280284, at *3 (W.D.N.Y. Nov. 24, 2009).

Pursuant to 15 U.S.C. § 1681b(a)(3)(A), Defendant is permitted to obtain Plaintiff's credit report from a credit agency, because such an agency would have reason to believe that Defendant "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681(a)(3)(A). Various district courts have interpreted "an account" to include debt collection for accounts other than pure "credit transactions," including the collection of unpaid medical charges, child support, and rent.[5] Therefore, this Court finds that unpaid mortgage payments would likewise qualify as "an account" under 15 U.S.C. § 1861b(a)(3)(A) of the FRCA and thus Defendant permissibly obtained Plaintiff's credit report as they were attempting to collect on an account.

Moreover, under 15 U.S.C. § 1681b(a)(3)(E), Defendant is permitted to obtain Plaintiff's credit report from a credit agency because such an agency would have reason to believe that

---

[5] *Stonehart v. Rosenthal*, 01-CV-0651, 2001 WL 910771, at *5 (S.D.N.Y. Aug. 13, 2001); *see also Wright v. Bogs Mgmt. Inc.*, 98-CV-2788, 2000 WL 1774086, at *17 (N.D.Ill. Dec. 1, 2000) (holding that a management company had a permissible purpose pursuant to 15 U.S.C. § 1681b[a][3][A] to request the credit report of a plaintiff who owed outstanding rent due to a bad check); *Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 262 (S.D.N.Y.1994) (holding that a creditor who was owed child support arrears from her ex-husband had a permissible purpose pursuant to 15 U.S.C. § 1681b[a][3][A] for accessing his credit report in order to locate him to pay the debt).

Defendant "intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation." 15 U.S.C. § 1681b(a)(3)(E). Another provision permitting Defendant to permissibly obtain Plaintiff's credit report is 15 U.S.C. § 1681b(a)(3)(F)(ii) because Defendant had "a legitimate business need for the information to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681(a)(3)(F)(ii).

Although these statutory provisions typically govern when it is permissible for credit agencies to release a consumer's credit report, they also show that Defendant permissibly furnished the information because it is the mortgagor of Plaintiff's property.[6] Because Defendant is permitted to obtain Plaintiff's credit report for the purposes stated above, Plaintiff's factual allegations in his Amended Complaint are unfounded and thus are subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Wojtczak v. Safeco Prop. & Cas. Ins. Cos.*, 669 F. Supp. 2d 305, 312-313 (W.D.N.Y. 2009) (granting motion to dismiss), citing *Wilting v. Progressive Cnty. Mut. Ins. Co.*, 227 F.3d 474, 476 (5th Cir. 2000) (affirming dismissal of FCRA claims for failure to state a claim).

The Court notes that, in reaching these conclusions, it relies on the Note, Mortgage, and Assignment of Mortgage that were provided by Defendant as part of its motion and not disputed by Plaintiff in his response. This Court finds that these three documents are either incorporated by reference in Plaintiff's Amended Complaint or integral to that Amended Complaint. *See, supra,* Part II.A. of this Memorandum-Decision and Order (setting forth legal standard

---

[6] *See Weitz*, 2009 WL 4280284, at *3 (explaining that, although many of the provisions of the Fair Credit Reporting Act regulate the conduct of credit reporting agencies, the Act also extends to the conduct of parties who request credit information).

governing what documents may be considered when a dismissal for failure to state a claim is contemplated).

Finally, the Court agrees with Defendant that, even if Plaintiff had alleged facts plausibly suggesting that Defendant had impermissibly obtained Plaintiff's credit report, Plaintiff's claim should still be dismissed under Fed. R. Civ. P. 12(b)(6), because Plaintiff does not allege facts plausibly suggesting that Defendant acted willfully. (Dkt. No. 23, Attach. 1 [Def's. Memo. of Law].)

### C. Plaintiff's Cross-Motion for Leave to Amend His Complaint

After carefully considering the parties' briefing on Plaintiff's cross-motion for leave to file a Second Amended Complaint under Fed. R. Civ. P. 15(a)(2), the Court denies that crpss-motion for the reasons offered by Defendant in its reply memorandum of law. The Court would add only the following two points.

First, Plaintiff's cross-motion fails to (1) attach a copy of the proposed Second Amended Complaint, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the Amended Complaint or other equivalent means, in violation of Local Rule 7.1(a)(4). The Court finds that Plaintiff clearly received adequate notice of his duty under Local Rule 7.1(a)(4). For example, on June 11, 2010, he was provided a courtesy copy of the Local Rules of Practice for this Court. (Dkt. No. 4.) On that date, he was also provided a courtesy copy of the District's *Pro Se* Handbook. (*Id.*)[7] Page 39 of that Handbook clearly reminded Plaintiff of Local Rule 7.1's requirement that his motion to amend must include an attached copy of his proposed pleading.

---

[7] The Court notes that, at that time, Plaintiff had previously been provided a copy of that Handbook and those Local Rules on January 11, 2010, in the action of *Campanella v. Solomon & Solomon, PC*, 10-CV-0037 (N.D.N.Y.).

*See* U.S. District Court for the N.D.N.Y. *Pro Se* Handbook, at 39, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf [last visited June 6, 2012]. For this reason alone, the Court can, and does, deny Plaintiff's cross-motion.

Second, in the alternative, the Court denies Plaintiff's cross-motion because, under the circumstances, the following relevant factors weigh decidedly against granting that cross-motion: (1) Plaintiff already had a full and fair opportunity to correct the pleading deficiencies in question, through his receipt of the Court's detailed Memorandum-Decision and Order of August 30, 2011, and his ability to file an Amended Complaint on October 3, 2011; (2) Defendant would be unduly prejudiced as a result of the significant amount of time that has elapsed since the events giving rise to Plaintiff's proposed claims (the bulk of which occurred in 2009) and the filing of his motion;[8] and (3) Plaintiff's proposed claims appear to be futile because they either fail to confer subject-matter jurisdiction on the Court or they simply are not actionable. With regard to this last factor, the Court notes that, even if Plaintiff could correct all of the numerous defects in his proposed claims, it is highly unlikely that he would actually do so, given his pleading history. *See, e.g., Campanella v. Solomon*, 10-CV-0037, 2011 WL 940293, at *3 (N.D.N.Y. March 16, 2011) (Mordue, J.). (*See also* Dkt. No. 1, 15.)

For each of these alternative reasons, Plaintiff's cross-motion for leave to file a Second Amended Complaint is denied, and his Amended Complaint is dismissed with prejudice.

---

[8] *Cf. Barber v. U.S.*, 11-CV-1100, 2012 WL 1681978, at *1 (N.D.N.Y. May 14, 2012) (Suddaby, J.) ("[T]he prejudice posed to Defendant by Plaintiff's failure to prosecute is exacerbated somewhat by the age of the case (which arises from events allegedly occurring as far back as 2009) and the number of events giving rise to the case. Under the circumstances, a further delay may well affect the memories of the numerous parties (and presumably witnesses) in the case, the ability to locate witnesses, and the preservation of evidence (particularly documentary evidence regarding the housing sale in question)."); *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

ACCORDINGLY, it is

ORDERED that Defendant's motion to dismiss (Dkt. No. 23) is **GRANTED**; and it is further

ORDERED that Plaintiff's cross-motion for leave to file a Second Amended Complaint is **DENIED**; and its further

ORDERED that Plaintiff's Amended Complaint (Dkt. No.15) is **DISMISSED** with prejudice.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: July 11, 2012
   Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge